O. Shane Balloun (WSBA #45053)
Balloun Law Professional Corporation
355 Harris Avenue, Suite 201
Bellingham, Washington 98225
(360) 318-7778 | (360) 989-8879
(360) 318-7798 (fax)
o.shane@ballounlaw.com

Timothy A. Duffy (pending *pro hac vice*)
Law Office of Timothy A. Duffy, P.C.
725 West Orchard Circle
Lake Forest, Illinois 60045
(847) 530-4920
tduffy@tduffylaw.com

**Attorneys for Plaintiff**

THE HONORABLE _____

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### SEATTLE DIVISION

| | |
|---|---|
| **Charles Haywood,** | No. 2:22-cv-01094 |
| PLAINTIFF; | **Complaint for Breach of Contract, Violation of the Washington State Consumer Protection Act under RCW Chapter 19.86, and Request for Declaratory and Injunctive Relief** |
| *v.* | |
| **Amazon.com, Inc.**, and its affiliate **Amazon.com Services LLC,** | |
| DEFENDANTS. | **JURY DEMAND** |

Plaintiff Charles Haywood alleges:

## INTRODUCTION

**1.** Plaintiff Charles Haywood is a highly regarded writer of book reviews on defendant Amazon.com, Inc.'s platform, operated by defendant Amazon.com Services LLC (together both defendants are hereinafter, singularly and collectively, "Amazon"). Since

October 2015, he has posted over 500 book reviews averaging around 2,000 words each that received over 17,000 positive endorsements from other users and garnered him approximately 500 followers. At one time he was ranked as thirty-first out of Amazon's millions of reviewers.

**2.** On February 1, 2022, Amazon removed Mr. Haywood's reviews from its platform and barred him from posting new reviews, ostensibly for violating Amazon's "Community Guidelines." As is its practice when it bans users, Amazon did not inform Mr. Haywood which of his book reviews, or what about his reviews, supposedly violated its guidelines.

**3.** Amazon subsequently told Mr. Haywood he had violated its guidelines by stating in one of his book reviews that "many Millennials are woketards," and in another referring to COVID-19 as "the Wuhan Plague." Amazon did not indicate which aspect of its Community Guidelines these statements violated or otherwise explain its decision.

**4.** Amazon's non-specific invocation of its "Community Guidelines" was not made in a good faith to apply its purportedly objective standards to Mr. Haywood's reviews, but in reaction to the viewpoints it perceived Mr. Haywood to be expressing in his statements that are associated with various political, social, and philosophical issues with which Amazon disagrees.

**5.** Amazon's silencing of Mr. Haywood is part of a pattern and practice of discriminating among those who use its platform to post book reviews on the basis of the viewpoints expressed therein. Amazon provides no explanation of its decisions, and does not even tell the reviewers what reviews or statements therein it thinks violated its Community Guidelines. Even when forced to provide a supposed basis for its actions, Amazon only points to its guidelines generally or invokes provisions that are inherently vague and subjective and inconsistently invoked to justify its viewpoint discrimination.

**6.** Amazon does not disclose its pattern and practice of viewpoint discrimination in its community guidelines or elsewhere, which violates Amazon's contractual obligation to

deal with Mr. Haywood and its other users fairly and in good faith with respect to such decisions.

7. Even assuming that Amazon, the world's largest seller of books, has the right to discriminate among its users on the basis of their political viewpoints on the de facto public forum it has undertaken to build and maintain and further its domination of the market for books, Amazon dishonestly fails to disclose its pattern and practice of viewpoint discrimination because doing so would harm its reputation and negatively affect its commercial interests.

8. Amazon's viewpoint discrimination violates its contractual obligations to Mr. Haywood and many others under Washington law, and gives rise to legal liability to Mr. Haywood and others for damage to their reputations and the free exercise of their recognized right of free expression under the Constitutions and laws of the State of Washington and the United States.

9. "[T]o promote the continued development of the Internet and other interactive computer services and other interactive media," which "offer a forum for a true diversity of political discourse, unique opportunities for cultural development, and myriad avenues for intellectual activity," Section 230 of the Communications Decency Act of 1996 ("CDA") bars claims against Amazon and other companies that host forums such as Amazon's reviews based on "any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected." 47 U.S.C. § 230 (a)(3), (b)(1) & (c)(2)(A).

10. Amazon has repeatedly involved Section 230 to bar claims arising from its decisions to restrict the use of its services by customers via the invocation of its Community Guidelines in other proceedings and is likely to do so here as well.

11. Section 230, does not, however, bar Mr. Haywood's claim against Amazon. The material he posted does not fall into any of the categories listed in the statute.

12. Even assuming that Mr. Haywood's reviews could be deemed to fall into one of the categories enumerated in Section 230, Amazon did not make its any such determination "in good faith" as the statue requires.

13. Even assuming it is possible to reconcile the viewpoint discrimination Amazon engages in against Mr. Haywood and others with the good-faith requirement of § 230(c)(2)(B), Amazon cannot avail itself of any such protection given its practice of acting without explanation, and when later "explaining," offering false and pretextual "explanations."

14. Mr. Haywood therefore brings this claim against Amazon to recover damages suffered as a result of Amazon's conduct, secure an injunction requiring Amazon to restore and maintain his reviews and his review privileges on its platform and to cease and desist from further de-platforming of him, and obtain a declaration that Section 230 does not bar his claim.

## THE PARTIES

15. Mr. Haywood is a citizen of Indiana.

16. Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington, and is therefore a citizen of Washington.

17. Amazon.com Services LLC is a Delaware limited liability company, with one member, Amazon.com, Inc., and with its principal place of business in Seattle, Washington.

18. Amazon.com, Inc. offers a number of its services through various subsidiaries and affiliates, including co-defendant Amazon.com Services LLC, but all are under the control of, or under common control with, Amazon.com, Inc.—and any allegation herein against either or both co-defendants is made against any such subsidiaries and affiliates as the context may require.

## JURISDICTION AND VENUE

19. This Court also has subject-matter jurisdiction under 28 U.S.C. § 1331 over Mr.

Complaint
(No. 2:22-cv-01094)

4

Balloun Law Professional Corporation
355 Harris Avenue, Suite 201
Bellingham, Washington 98225
(360) 318-7778

Haywood's request for a declaration that 47 U.S.C. § 230(c)(2)(A) does not apply where, as Amazon did here, the service provider engages in undisclosed political viewpoint discrimination against user.

**20.** The Court's federal question subject-matter jurisdiction over Mr. Haywood's request for a declaratory judgment also gives the Court supplemental jurisdiction over Mr. Haywood's other claims under 28 U.S.C. § 1367, as all of his claims are so related as to form part of the same case or controversy.

**21.** This Court also has subject-matter jurisdiction over this case under 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

**22.** This Court has personal jurisdiction over Amazon because it is a domiciliary of this state and because the terms of the parties' contract contain a mutual consent to the exclusive jurisdiction of the state and federal courts in King County, Washington.

**23.** Venue is proper in this Court as Amazon is deemed to reside in this district, and the terms of the parties' contract contain a provision designating the state and federal courts in King County, Washington, as the exclusive forum for resolving disputes.

## STATEMENT OF FACTS

**24.** Mr. Haywood holds a bachelor's degree from Indiana University, a law degree from The University of Chicago Law School, and an MBA degree from the University of Chicago Booth School of Business. A former lawyer and successful business owner, he devotes a significant amount of his time to reading and writing on issues of politics and philosophy. He publishes an online magazine, The Worthy House (https://www.theworthyhouse.com), and, as noted above, he has posted a large number of his preferred form of exposition, book reviews, on Amazon. He lives with his family in a suburb of Indianapolis, Indiana.

**25.** Mr. Haywood's writings contain a number of ideas and opinions with which many people would no doubt disagree, and, as is the case with many critical thinkers who speak

Complaint  
(No. 2:22-cv-01094)

5

Balloun Law Professional Corporation  
355 Harris Avenue, Suite 201  
Bellingham, Washington 98225  
(360) 318-7778

their mind, has a style that is direct, even trenchant at times, but is well within the traditions of intellectual expression in our (sometimes begrudgingly) shared Judeo-Christian, Western European, American cultural history.

26. The opinions and viewpoints Mr. Haywood has generally presented in his book reviews and other writings and media tend to be of the sort that would ordinarily be perceived by readers and listeners as variously libertarian, conservative, classically liberal, anarchistic, or radical.  While not subject to simplistic characterization, they are generally inconsistent with, or even adversarial to, those generally classified as "progressive" in modern American politics.  They evidence little regard or patience, for example, for what he regards as "politically correct," "woke," or "identity-based" ideologies—*i.e.*, for all ideologies borne out of so-called "critical theory."

27. Amazon is currently the fifth largest public company in the world as measured by its market capitalization in excess of $1 trillion dollars.  Its retail sales are larger than the next 14 largest US retailers combined.  Amazon's first business was selling books, and it is generally recognized to have a virtual monopoly on the sales of physical and electronic book sales.  One of the important factors that has propelled Amazon's success as a bookseller has been its development and maintenance of an e-commerce platform that engages authors, readers, and customers by allowing them to post and read book reviews.

28. The book review has been recognized as an important form of scholarship, literary criticism, and philosophical and political debate for centuries.  Long the province of academic journals, elite periodicals, and Sunday newspapers, the Internet era opened the genre, for better or worse, to millions of would-be critics.  Amazon took full advantage of this opportunity to reap the benefits of engaging customers through reviews.  Indeed, it augmented its dominance in the market for book reviews by acquiring its largest competitors – the largest book-review websites: Goodreads, Shelfari, and LibraryThing, to become the essential forum for book reviews by anyone other than elite professors and professional authors who might have their published in a dwindling number of periodicals.

Complaint
(No. 2:22-cv-01094)

6

Balloun Law Professional Corporation
355 Harris Avenue, Suite 201
Bellingham, Washington 98225
(360) 318-7778

29. Amazon's book reviews are an established and significant part of the "vast democratic forums of the Internet" that are, today, essential places "for the exchange of views" protected by the First Amendment to the U.S. Constitution. *Packingham v. North Carolina*, 137 S. Ct. 1730, 1735 (2017).

30. While Amazon's ultimate purpose is to make money for its owners—including its founder and largest shareholder, Jeff Bezos—it also engages in political and social speech and activism. It formally publishes its "positions" on a number of political and social issues and disclosed over $13 million in political contributions in 2020 (favoring Democrats over Republicans by more than 5-to-1) and over $20 million in federal lobbying expenditures in 2021.

31. Amazon acknowledges "there is much room for healthy debate and differing opinions" on political issues, and nowhere nor at any time has it openly taken the position that it favors, restricts, or otherwise engages in political viewpoint discrimination in its oversight of its book reviews. Indeed, in a March 11, 2021 responsive letter to four U.S. Senators concerned Amazon was improperly censoring certain books, Amazon stated that it provides its customers "with access to a variety of viewpoints, including books that some customer may find objectionable," and that it "works hard" to give its customers "access to the widest and most diverse cross-section of written and spoken word in retail today."

32. Because of its size and reach, Amazon's book reviews offered Mr. Haywood and many others a uniquely effective forum in which to share their thoughts and opinions on any number of issues. While Mr. Haywood routinely makes his book reviews available on other platforms, no other forum offered anything comparable to the reach of Amazon, where his writings received over 17,000 positive endorsements (meaning the reader actively chose to indicate that he or she found the review "helpful" or "useful") and where he had over 500 followers (meaning other Amazon users who affirmatively chose to be notified when Mr. Haywood posted a new review).

33. While Amazon is of course under no obligation to offer its users the ability to post

reviews, it has chosen and encouraged them to do so to further its business objectives. Amazon's business strategy in this regard has proven very beneficial to Amazon, and has helped induce millions of people create Amazon accounts and use its services. Amazon users have a well-founded and reasonable expectation, and have come to rely upon their ability to, post book reviews in accordance with Amazon's stated terms. Amazon is well aware of and encourages this reliance on the availability of its services to the general public.

**34.** At all relevant times, there existed a written contractual relationship between Mr. Haywood as a user of Amazon's services and a submitter of book reviews and Amazon as the operator of the business that allowed, encouraged, and benefited from Mr. Haywood's use of its services and his book reviews. The terms of this contract varied over time according to changes made by Amazon, but were always embodied in what Amazon published as its "Conditions of Use" and its "Community Guidelines."

**35.** Mr. Haywood began posting book reviews on Amazon in 2015. In July and October, 2019, Amazon told Mr. Haywood that he had violated its Community Guidelines, but did not specify which reviews or what statements it deemed violative. On October 19, 2019, Amazon deleted his reviews and removed his ability to post reviews, again without providing any further information as to why.

**36.** When Amazon first de-platformed Mr. Haywood in 2019, its Conditions of Use required any dispute to be resolved via binding arbitration. Mr. Haywood initiated such a proceeding on November 13, 2019. (Amazon changed its policy of requiring disputes to be resolved via arbitration in 2021, and now requires claims to be brought against in state or federal court in King County, Washington.)

**37.** During the arbitration proceeding, Amazon claimed that two of Mr. Haywood's reviews had been "rejected" because of what Amazon called "spite." The first review was ostensibly rejected because Mr. Haywood called Donald Trump "a buffoon." The second was ostensibly rejected because he had said two authors were "unable to realize,

Complaint  
(No. 2:22-cv-01094)

8

Balloun Law Professional Corporation  
355 Harris Avenue, Suite 201  
Bellingham, Washington 98225  
(360) 318-7778

not that the joke is on them, but that they themselves are the joke." Amazon took down Mr. Haywood's reviews and revoked his review privileges shortly after the second of these two rejections, without having informed Mr. Haywood of either of these specific concerns.

**38.** Amazon took action against Mr. Haywood despite the fact that it took no action against other reviews making similar comments about Donald Trump, including calling him a buffoon, or disparaging the self-awareness of other authors. In the arbitration, Amazon did not reveal which provision of its then-current Conditions of Use that Mr. Haywood supposedly violated. Amazon claimed that Mr. Haywood's statements violated its "Community Guidelines" that purported to prohibit "name-calling or attack[ing] people based on whether you agree with them" and that any questioning of the beliefs or expertise of another be "done in a respectful and non-threatening manner."

**39.** On July 31, 2020, the arbitrator issued an order in favor of Amazon, but Amazon never reduced that award to judgment as required to make it enforceable. Discussions ensued between Mr. Haywood and Amazon and in November 2021, they entered into a Settlement Agreement pursuant to which Amazon agreed to restore Mr. Haywood's review privileges, Mr. Haywood agreed to abide by Amazon's policies, and Mr. Haywood released all claims, whether asserted or not or known or not, but not releasing future claims.

**40.** Mr. Haywood resumed posting book reviews after his access was restored.

**41.** On January 24, 2022, Amazon sent Mr. Haywood a new "warning" that "[o]ne or more of your posts were found to be outside our guidelines" and that further violations might result in him being banned from posting reviews, again. The notice did not provide any information as to which review or what in that review Amazon deemed to have violated its guidelines. Mr. Haywood noticed, however, that one of his reviews had been deleted by Amazon.

**42.** At the time Amazon issued this warning to Mr. Haywood, its Conditions of Use prohibited reviews that contained content that was "illegal, obscene, threatening,

Complaint  
(No. 2:22-cv-01094)

9

Balloun Law Professional Corporation  
355 Harris Avenue, Suite 201  
Bellingham, Washington 98225  
(360) 318-7778

defamatory, invasive of privacy, infringing of intellectual property rights (including publicity rights), or otherwise injurious to third parties or objectionable." A copy of Amazon's Conditions of Use is attached as Exhibit A.

43. Its Community Guidelines said, under the heading "Profanity and harassment": "We don't allow: Profanity, obscenities, or name-calling[;] Harassment or threats[;] Attacks on people you disagree with; [or] Libel, defamation, or inflammatory content …." Under the heading "Hate Speech," they said: "It's not allowed to express hatred for people based on characteristics like: Race[,] Ethnicity[,] Nationality[,] Gender[,] Gender identity[,] Sexual orientation[,] Religion[,] Age[, or] Disability." A copy of Amazon's Community Guidelines is attached as Exhibit B.

44. On February 1, 2022, Amazon sent Mr. Haywood an email stating his ability to post reviews had been removed "[b]ecause of your repeated violation of our Community Guidelines." This email made no mention of any second violation nor provided any further detail as to the nature of either any new violation or the prior violation. In addition to prohibiting Mr. Haywood from posting reviews, Amazon also removed all of his existing reviews from its platform.

45. Given the prior dispute between Mr. Haywood and Amazon, Mr. Haywood contacted Amazon (via counsel, as there is no way of obtaining more information about a ban short of hiring a lawyer) to find out the supposed reasons behind Amazon's second decision to de-platform him.

46. In a response (several weeks later) counsel for Amazon stated that Mr. Haywood had been silenced because of a review he posted on January 16, 2022, containing that statement that "many Millennials are woketards" and a review he posted on January 25, 2022, in which he had used the phrase "Wuhan plague" to refer to the COVID-19 pandemic. Amazon's counsel did not identify any provision of its Conditions of Use or Community Guidelines these statements supposedly violated, nor did it offer any other explanation or justification for the ban other than to say the ban was "proper, as these reviews

Complaint
(No. 2:22-cv-01094)

10

Balloun Law Professional Corporation
355 Harris Avenue, Suite 201
Bellingham, Washington 98225
(360) 318-7778

violate Amazon's Community Guidelines." Neither of these reviews were the review that Mr. Haywood had earlier noted Amazon had deleted, suggesting Amazon's responses were either incomplete or inaccurate. This inconsistency is a further indication that Amazon's stated reasons for Mr. Haywood's second de-platforming were pretexts and that Amazon was not fairly applying either its own Community Guidelines or the promises it made to Mr. Haywood in the Settlement Agreement.

47. Amazon's decision to ban Mr. Haywood in 2022 was not the result of any good-faith application of its Community Guidelines. It was, instead, the result of some combination of Amazon's unstated and undisclosed bias against the viewpoints directly expressed by Mr. Haywood in these and other reviews, as well as the political and social viewpoints stereotypically associated the with idioms and statements Mr. Haywood used in his reviews, *e.g.*, his colorful term "woketards" and references to the COVID-19 pandemic in ways that point to its geographic origin in Wuhan, China. Amazon's decision was in keeping with its 2019 de-platforming of Mr. Haywood and in disregard of both its underlying obligation and express agreement to apply its Community Guidelines fairly and in good faith.

48. Whether deliberately or as a result of a failure to apply its Community Guidelines in good faith, Amazon's purported reasons for banning Mr. Haywood were a pretext for silencing him because of the viewpoints Amazon perceived he expressed in his reviews.

49. Amazon's application of its Community Guidelines was inconsistent with its application of those same guidelines to other reviews that made like statements that Amazon considered to be associated with viewpoints different from those it perceived Mr. Haywood was expressing.

50. Amazon's actions have deprived Mr. Haywood of the vast majority of his audience for his reviews, damaged his reputation and standing in the community, and violated his rights under his contract with Amazon, the laws and Constitution of the State of Washington, and the Constitution of the United States.

Complaint
(No. 2:22-cv-01094)

11

Balloun Law Professional Corporation
355 Harris Avenue, Suite 201
Bellingham, Washington 98225
(360) 318-7778

# CLAIMS

**51.** Each claim set forth below adopts paragraphs 1–50. To the extent of any inconsistency, they are adopted and pled in the alternative.

### Count I—Breach of Contract

**52.** The provisions of Amazon's Conditions of Use and Community Guidelines in effect as of January 2022 constituted a written, enforceable contract between Mr. Haywood and Amazon under Washington law.

**53.** Amazon breached its contractual duty under Washington law to allow Mr. Haywood to post book reviews when it banned him from posting reviews and took down his existing reviews on or around February 1, 2022.

**54.** Contrary to Amazon's assertions at the time and since, Mr. Haywood did not violate Amazon's Community Guidelines, as written or as reasonably and objectively interpreted.

**55.** In banning Mr. Haywood and taking down his reviews, Amazon breached its duty to Mr. Haywood to allow him to post reviews if he complied with Amazon's Conditions of Use and its Community Guidelines.

**56.** In banning Mr. Haywood and taking down his reviews, Amazon also breached its duty to make any determinations that Mr. Haywood had failed to comply with Amazon's Conditions of Use and its Community Guidelines fairly and in good faith.

**57.** Amazon also breached its implied duty to deal with Mr. Haywood in good faith and to deal with him fairly by failing to explain why or how it concluded Mr. Haywood's reviews supposedly violated its Community Guidelines, failing to engage in any effort to resolve its concerns short of banning Mr. Haywood and deleting all of his reviews, failing to disclose that its actions were motivated by a decision to discriminate against the viewpoints it perceived Mr. Haywood to have expressed in his book reviews, or any or all of the above.

**58.** To the extent the parties' contract granted Amazon discretion to monitor or

Complaint  
(No. 2:22-cv-01094)

12

Balloun Law Professional Corporation  
355 Harris Avenue, Suite 201  
Bellingham, Washington 98225  
(360) 318-7778

review content posted on its site by Mr. Haywood, Amazon failed to exercise that discretion fairly and in good faith by misrepresenting or failing to properly disclose the criteria it directly or indirectly actually employed to identify, judge, and delete his reviews and/or exercising any such discretion in an arbitrary and capricious manner inconsistent with its representations and undertakings regarding its maintenance, operation, and promotion of its platform.

59. Mr. Haywood complied with the terms of the parties' contract at all relevant times and was never in breach thereof.

60. As set forth below, Section 230 of the CDA does not bar Mr. Haywood's claim against Amazon for its breach of its contract with him.

61. Mr. Haywood has been damaged by Amazon's breach of contract in that Amazon has prevented him from enjoying the benefit of his contributions to Amazon's book reviews and interacting with others in that forum, injured his reputation and standing in the community, and prevented the exercise of his right to express his viewpoints as provided for in the parties' contract and as guaranteed by law.

62. Mr. Haywood is entitled to compensatory, non-economic, consequential, incidental, and/or nominal damages as a result of Amazon's breach of contract in excess of $75,000.

**Count II— Violation of the Consumer Protection Act under RCW Chapter 19.86**

63. Amazon's pattern and practice of not informing reviewers why it bans them or takes down their reviews, its inconsistent application of its Conditions of Use and Community Guidelines to justify banning users or taking down their reviews, its use of unstated and undisclosed criteria to ban users or take down their reviews, its use of the pretext of compliance with its Conditions of Use and Community Guidelines to engage in viewpoint discrimination, and its failure to disclose that it engages in viewpoint discrimination, singly and together constitute unfair and deceptive acts and practices under RCW 19.86.020, having the capacity to deceive a substantial portion of the public.

Complaint
(No. 2:22-cv-01094)

13

Balloun Law Professional Corporation
355 Harris Avenue, Suite 201
Bellingham, Washington 98225
(360) 318-7778

64. Amazon engages in these unfair or deceptive practices in connection with and in furtherance of its business operations, enticing users to purchase products and use its services in trade and commerce. Amazon users have a reasonable expectation and a reasonable reliance that they will be able to access and use Amazon's services on the terms and conditions stated by Amazon. Amazon encourages and itself relies on these expectations and reliance of its users.

65. Given Amazon's dominance in the market for the sale and discussion of books and its establishment and maintenance of a de facto public forum for political, social, and philosophical discourse and expression, Amazon's unfair or deceptive practices are injurious to the public interest because they have the capacity to deceive a substantial portion of the public.

66. Amazon's unfair or deceptive practices have caused injury to Mr. Haywood by breaching its contractual duties to him and by injuring his reputation, standing, and ability to engage in the free expression of his political, social, and philosophical viewpoints and derive the benefits of such expression and the associations with others that flow from it.

67. Mr. Haywood is entitled to recover his actual damages sustained as a result of Amazon's unfair or deceptive practices, plus up to three times such an amount as set forth in RCW 19.86.090, the costs and attorneys' fees incurred in bringing this action, and an injunction against any further engagement in such practices by Amazon.

### Count III—Declaratory Judgment

68. Section 230 of the CDA precludes a claim against Amazon arising from "any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected."

69. Amazon's pattern and practice of not informing reviewers why it bans them or takes down reviews, its inconsistent application of its Conditions of Use and Community

Complaint
(No. 2:22-cv-01094)

14

Balloun Law Professional Corporation
355 Harris Avenue, Suite 201
Bellingham, Washington 98225
(360) 318-7778

Guidelines to justify banning user or taking down their reviews, its use of unstated and undisclosed criteria to ban users or take down their reviews, its use of the pretext of compliance with its Conditions of Use and Community Guidelines to engage in viewpoint discrimination, and its failure to disclose that it engages in viewpoint discrimination, are not actions taken "in good faith" within the meaning of Section 230 of the CDA.

**70.** Section 230 of the CDA therefore does not bar, preclude, or limit Mr. Haywood's claims as asserted herein, and Mr. Haywood is entitled to a declaration to that effect to protect him from further or repeated injury by Amazon in violation of its contractual duties and the prohibition of unfair or deceptive business practices under Washington law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Charles Haywood prays this Court for the following relief:

A. Declaration that Section 230 of the CDA does not bar Mr. Haywood's claims;

B. Judgment against Amazon, according to proof, for damages—

   1. For breach of contract;

   2. For violation of the Consumer Protection Act under RCW Chapter 19.86;

C. Injunction against Amazon to restore Mr. Haywood's user privileges and deleted reviews and to refrain from any unstated or undisclosed viewpoint discrimination;

D. Pre- and post-judgment interest thereon according to proof;

E. Treble damages, to the extent allowed under RCW 19.86.090;

F. Costs and expenses of this action;

G. Attorney's fees for this action, to the extent allowed under RCW 19.86.090; and

H. Any other and further relief as this honorable Court shall deem just and proper.

Plaintiff respectfully demands trial by jury on all issues so triable.

Complaint
(No. 2:22-cv-01094)

15

Balloun Law Professional Corporation
355 Harris Avenue, Suite 201
Bellingham, Washington 98225
(360) 318-7778

RESPECTFULLY SUBMITTED this 26th day of July, 2021.

By:    /s/ *O. Shane Balloun*

O. Shane Balloun (WSBA #45053)
Balloun Law Professional Corporation
355 Harris Avenue, Suite 201
Bellingham, Washington 98225
(360) 318-7778 | (360) 989-8879
(360) 318-7798 (fax)
o.shane@ballounlaw.com

Timothy A. Duffy (pending *pro hac vice*)
Law Office of Timothy A. Duffy, P.C.
725 West Orchard Circle
Lake Forest, Illinois 60045
(847) 530-4920
tduffy@tduffylaw.com

**Attorneys for Charles Haywood**

Complaint
(No. 2:22-cv-01094)

16

Balloun Law Professional Corporation
355 Harris Avenue, Suite 201
Bellingham, Washington 98225
(360) 318-7778